Peggy A. Tomsic (3879)
  tomsic@mgpclaw.com
Edgar R. Cataxinos (7247)
  cataxinos@mcgiplaw.com
Kennedy D. Nate (14266)
  nate@mgpclaw.com
**MAGLEBY CATAXINOS & GREENWOOD**
170 South Main Street, Suite 1100
Salt Lake City, Utah 84101-3605
Telephone: 801.359.9000
Facsimile: 801.359.9011

Attorneys for Plaintiff, Nutraceutical
  Corporation

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| **NUTRACEUTICAL CORPORATION**, a Delaware corporation, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Plaintiff, | |
| v. | |
| **AKESO HEALTH SCIENCES, LLC**, a California limited liability company, | Case No.: 2:16-cv-00801 |
| Defendant. | Magistrate Judge Dustin B. Pead |

Plaintiff Nutraceutical Corporation ("Nutraceutical" or "Plaintiff") through its

counsel MAGLEBY CATAXINOS & GREENWOOD, alleges and complains against Defendant

Akeso Health Sciences, LLC ("Defendant" or "Akeso") as follows:

**NATURE OF THE ACTION**

1.      This is an action for declaratory judgment under the Patent Laws of the

United States, 35 U.S.C. § 100 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §

2201 *et seq.*, that the patents-in-suit are invalid and not infringed by Nutraceutical directly or through inducement.

    2.     This Court has personal jurisdiction over the Defendant because it regularly conducts business in this district and has committed acts in this judicial district which give rise to this action.  On information and belief, Defendant sells, offers for sale, and has sold such products as MigreLief to residents of this jurisdiction.  Indeed, Defendant's website lists at least eighteen (18) stores in Utah that offers Defendant's product for sale in Utah:





*See* MIGRELIEF, http://www.migrelief.com/store-finder (last visited July 15, 2016).

3. On information and belief, Defendant also advertises and otherwise solicits business in Utah in an effort to sell its MigreLief products, including through use of an interactive website.

4. On information and belief, Defendant has business relationships and/or has collaborated with multiple business and/or research entities in this district to which it sells, offers for sale, has sold, and/or advertises its MigreLief products.

## PARTIES

5. Plaintiff Nutraceutical corporation is a Delaware corporation with its principal place of business at 1400 Kearns Boulevard, Park City, Utah 84060.

6. Defendant Akeso Health Sciences, LLC is a California limited liability company with its principal place of business at 4607 Lakeview Canyon #561, Westlake Village, California 91361.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338(a), 2201(a), and 2202.

8. This Court has personal jurisdiction over Defendant because it extensively transacts business in and sells products in Utah, as alleged herein.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) - (c) and 1400(b).

## FACTUAL ALLEGATIONS

10. Nutraceutical (directly and through its subsidiaries) manufactures, distributes, and sells a wide variety of nutritional and dietary supplements, cosmetic products, personal care products, and therapeutic topical products in health and natural food stores and similar outlets nationwide.

11. One such dietary supplement offered by Nutraceutical is a product called Nutra BioGenesis Migra-Clear Ultra ("Migra-Clear Ultra").

12. Migra-Clear Ultra was originally formulated and sold by Bio-Genesis Nutraceuticals, Inc. ("Bio-Genesis").

13. On or around April 17, 2014, Nutraceutical, through one of its subsidiaries, acquired Bio-Genesis and all of its intellectual property and products, including the rights to Migra-Clear Ultra.

### Akeso's Demand Letter

14. On June 24, 2016, Defendant sent a letter to Nutraceutical claiming that Nutraceutical's Migra-Clear Ultra product infringed Defendant's U.S. Patent 6,500,450 (the " '450 Patent") and Defendant's patented MigreLief products. [*See* 6-24-16 Demand Letter, attached as Exhibit "1"].

15. Defendant claimed that the '450 Patent describes and claims combinations of three compounds: feverfew plant extract (parthenolide), magnesium, and riboflavin in specified dosage ranges. [*See id.*, at 2-3].

4

16. Defendant further informed Nutraceutical that its Migra-Clear Ultra product infringed on claim 16 of the '450 Patent in various ways, but stated that its claims of infringement were not limited to claim 16. [*See id.*, at 3].

17. Defendant prepared what it identified as a "non-binding claim chart", which purportedly demonstrated how Migra-Clear Ultra infringed on the '450 Patent as follows:

| U.S. Patent 6,500,450 Claim 16 | Migra-Clear Ultra |
|---|---|
| A method of reducing the symptoms of migraine headache comprising administering | Migra-Clear Ultra is labeled and marketed as a method of reducing the symptoms of migraine headache comprising administering a serving of two capsules. In particular, the product label states, "Migra-Clear Ultra is a unique vitamin and herbal formula designed to help reduce the frequency and intensity of head vascular pain and discomfort." In addition, marketing descriptions of the product state, "Migra-Clear Ultra is a unique |

| U.S. Patent 6,500,450 Claim 16 | Migra-Clear Ultra |
|---|---|
| | vitamin and herbal formula designed to help reduce the frequency and intensity of head vascular disturbances. ... Doctors, consulting with BioGenesis Nutraceuticals, Inc., designed MigraClear Ultra to contain the most documented and effective nutraceuticals presently known to help support the reduction of the frequency and intensity of migraine/vascular headaches." *See:* http://www.nutrabiogenesis.com/catagorypages/catagory-inflammation-and-pain.html and http://www.amazon.com/BioGenesis-Nutraceuticals-Migra-Clear-Vegetarian-Capsules/dp/B003EE7HBY/ |

| | |
|---|---|
| a therapeutically effective amount of parthenolide, | As shown on the product label above, Migra-Clear Ultra includes a therapeutically effective amount of parthenolide. In particular, Migra-Clear Ultra contains Tanacetum parthenium (Feverfew) (standardized to contain 2% parthenolide) in an amount of 50 mg per two capsule serving. |
| a magnesium salt and | As shown on the product label above, Migra-Clear Ultra includes a magnesium salt. In particular, Migra-Clear Ultra includes magnesium (citrate) in an amount of 100 mg per two capsule serving. |
| riboflavin, | As shown on the product label above, Migra-Clear Ultra includes riboflavin. In particular, Migra-Clear Ultra includes riboflavin (riboflavin 5' phosphate) in an amount of 190 mg per two capsule serving. |
| **U.S. Patent 6,500,450 Claim 16** | **Migra-Clear Ultra** |
| the magnesium salt being provided as a salt of an organic acid. | As shown on the product label above, Migra-Clear Ultra includes a magnesium salt provided as a salt of an organic acid, namely, magnesium citrate. |

[*Id.* at 3-5].

18.  Based on the information in the "non-binding claim chart", Defendant asserted that

> Nutraceutical itself directly infringes claim 16 of the '450 Patent by performing all steps of the claimed method for, *e.g.*, demonstration, testing, quality control, and other purposes. No sales would be made but for this direct infringement by Nutraceutical, so Nutraceutical's direct infringement is the proximate cause of all sales of Migra-Clear Ultra.

[*Id.* at 5].

19.  In addition, Defendant asserted that Nutraceutical's sale of Migra-Clear Ultra induced infringement based on the directions contained on the product label. [*See id.*].

20.  Lastly, Defendant claimed that Nutraceutical was "liable for contributory infringement in connection with its sale and offerings for sale of Migra-Clear Ultra." [*Id.*].

6

21.     Based on these claimed theories of infringement, Defendant claimed entitlement to damages and warned Nutraceutical that "[a]bsent a satisfactory response . . . Akeso may file a complaint for willful patent infringement against Nutraceutical in U.S. District Court." [*Id.* at 8].

The New Formulation of Migra-Clear Ultra

22.     Defendant's claims of infringement in the Demand Letter was based on a now-discontinued formulation of Migra-Clear Ultra that contained magnesium citrate.

23.     After receiving the Demand Letter, Nutraceutical informed Defendant that the current formula of Migra-Clear Ultra contained magnesium glycinate.

24.     Based on this updated information, Nutraceutical requested that Defendant inform of any changes to Defendant's infringement evaluation with regards to the "magnesium salt" limitation.

25.     Defendant responded that because magnesium glycinate is a salt of an organic acid, the change in formulation did not change its assessment of infringement.

**FIRST CLAIM FOR RELIEF**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT**
**AND INVALIDITY OF U.S. PATENT NO. 6,500,450**

26.     Nutraceutical hereby incorporates by reference paragraphs 1 through 25 as if fully set forth herein.

27.     As a result of Defendant's actions and statements and the totality of circumstances detailed above, there is an actual, immediate, and justiciable controversy that exists between Defendant and Nutraceutical concerning whether Nutraceutical infringes any valid claim of the '450 Patent.

28.     Nutraceutical does not and will not infringe, literally or by the doctrine of equivalents, directly or by inducement, any valid claim of the '450 Patent.

29.     One or more claims of the '450 Patent are invalid for failing to satisfy the requirements of Title 35 of the United States Code, including one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

30.     Upon information and belief, the claims of the '450 Patent is invalid for, among others, obviousness-type double patenting.

31.     Nutraceutical is entitled to a Declaratory Judgment that the '450 Patent is invalid and/or not infringed by Nutraceutical directly or through inducement.

## DEMAND FOR JURY TRIAL

Nutraceutical demands a trial by jury on all matters herein so triable.

## PRAYER FOR RELIEF

WHEREFORE, Nutraceutical Corporation respectfully requests the Court enter judgment against Defendant as follows:

1.     Declarations that the manufacture, use, sale, or offer to sell of Nutraceutical's Migra-Clear Ultra product would not and will not directly (either literally or under the doctrine of equivalents) or indirectly infringe (either contributorily or by inducement) any valid claim of the '450 Patent

2.     Declarations that the claims of the '450 Patent are invalid for failure to comply with one or more of the provisions of 35 U.S.C. §§ 100 *et seq.*, including §§102, 103 and/or 112;

3. An injunction against Defendant and their affiliates, subsidiaries, assigns, employees, agents or anyone acting in privity or concert with Defendant from asserting infringement or instituting any legal action for infringement of the '450 Patent against Nutraceutical, customers of Nutraceutical, or affiliates of Nutraceutical;

4. An award to Nutraceutical of its reasonable costs and attorneys' fees incurred in bringing this action pursuant to 35 U.S.C. § 285; and

5. An award of such other and further relief as the Court may deem just and proper.

DATED this 18th day of July, 2016.

**MAGLEBY CATAXINOS & GREENWOOD**

_____
Peggy A. Tomsic
Edgar R. Cataxinos
Kennedy D. Nate
*Attorneys for Plaintiff Nutraceutical Corporation*